# TYSON & MENDES

JAYNE BRAYER
JBRAYER@TYSONMENDES.COM

420 LEXINGTON AVENUE, SUITE 810
NEW YORK, NY 10170
PHONE: (917) 781-4702 FAX: (917) 725-8799

September 4, 2026

***VIA ELECTRONIC CASE FILING***
Honorable Peggy Kuo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

***Re: Donohue v. Manetti, et.al.***
**Docket No.: CV-15-0636 (PK)**

Dear Judge Kuo:

We are in receipt of the Plaintiff's letter dated September 2, 2026. We would like to first note that the $3,000,000 assignment of punitive damages to Armor is unconstitutionally excessive. The punitive damages assigned to Armor against compensatory are presently at a 20:1 ratio. The Supreme Court has held that "Our jurisprudence and the principles it has now established demonstrate, however, that, in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process…When compensatory damages are substantial, then a lesser ratio [of punitive damages], perhaps only equal to compensatory damages, can reach the outermost limit of the due process guarantee." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425, 123 S. Ct. 1513, 1524, 155 L. Ed. 2d 585 (2003).In *State Farm* the court contemplated in which instances a ratio beyond single digits would be acceptable, landing on situations involving a "particularly egregious act" *id.*

In consideration of the particularly egregious act, the court has instructed consideration of whether "the harm caused was physical as opposed to economic; the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others; the target of the conduct had financial vulnerability; the conduct involved repeated actions or was an isolated incident; and the harm was the result of intentional malice, trickery, or deceit, or mere accident" *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419, 123 S. Ct. 1513, 1521, 155 L. Ed. 2d 585 (2003). Plaintiff has made a case for reckless indifference, and repetition, but intentional malice was not determined by a jury and never a charge made. Additionally, the record at large did reveal that Mr. Donohue did receive some care and was not simply shut out by Armor. The jury has only found that the care Mr. Donohue received was deliberately indifferent, not an intentional course of harm.

Mr. Donohue received a substantial award of $150,000 plus $100,000 from Dr. Manetti personally, and we do not believe that the $3,000,000 award assigned to Armor comports with due process. On these grounds, Defendants reserve the right to challenge by way of application the $3,000,000 punitive award as against Armor and intend to do so among other applications.

On Plaintiff's bond request, we are willing to work with Plaintiff to an agreeable stay. However, given pending a remittitur application, we request that the court defer fixing the security until it decides the post-trial motions, or fix it to the $150,000 compensatory award and a constitutionally permissible punitive component.

On post-judgment interest, post-judgment interest runs from the date of entry of judgment, not the verdict date, at rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment 28 U.S.C.A. § 1961. Defendants reject Plaintiff's request for any alternative configuration not already set by statute.

Finally, Defendants request that the court fully consider Defendants' previously filed motion for Judgment Notwithstanding the Verdict as mentioned in Defendants' July 21, 2026 submission, and that entry of judgment does not take place until that motion is decided.

Respectfully submitted,

TYSON & MENDES LLP

Jayne L. Brayer

Jayne L. Brayer, Esq.

Cc: All attorneys (via ecf).

This office is paperless. Please forward your correspondence to
NYCIntake@tysonmendes.com